UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**08 1346**

Debra Rothman and Robert Feldstein
        Plaintiffs

    -against-

COMPLAINT

DEARIE, CH. J. Jury Trial Demanded on all
               issues so entitled

United Student Aid Funds; Loren Gilbert-Smith;
New York City Office of Payroll Administration
        Defendants

RECEIVED
APR - 9 2008
PRO SE OFFICE

BLOOM, M.J

I.      Parties:

      Plaintiffs, Debra Rothman and Robert Feldstein, reside at 2790 Bragg Street,
      Apt. 508, Brooklyn, NY 11235

      Defendant United Student Aid Funds' address is 10475 Crosspoint Boulevard,
      Suite 230, Indianapolis, Indiana 42656.

      Defendant Loren Gilbert-Smith is a Tribunal Administrator with R. Sean
      McDonald, Esq. Mediation and Arbitration Services, doing business at
      12655 North Central Expressway, Suite 810 Dallas, Texas 75243

      Defendant New York City Office of Payroll Administration's address is
      1 Centre Street, Room 200N, New York, NY 10007

II.     The jurisdiction of the Court is invoked pursuant to a Federal question, to wit:
      Does the Code of Federal Regulations Section which allows a federally-
      guaranteed student loan creditor to garnish the wages of the student loan
      debtor without seeking a Judgment in State Court by offering the debtor an
      Administrative Hearing instead also allow the creditor to circumvent the New
      York State Civil Practice Laws and Rules provision which prohibits
      continuing garnishment after the garnishment period is presumptively stale
      and infirm by merely offering the debtor another Administrative Hearing?
      Because the answer to this question is no, we are asking this Court to stay and
      enjoin the Administrative Hearing.

III.    Statement of Claim

In or about 1984, Debra Rothman applied for Federally Guaranteed Student Loans from Citibank to attend graduate school at Brooklyn College (CUNY). After completing all required coursework for a Masters' Degree at Brooklyn College, Ms. Rothman decided to continue a relatively non-lucrative career in the public service as a secondary school teacher of English at Brooklyn Technical High School, located in a minority community and with a high student population of non-native English speakers. (In fact, she now teaches a sixth ESL shortage area class in addition to grade level English classes.) There was some question as to whether Ms. Rothman qualified for cancellation of her student loans pursuant to the CFR #    . Without this cancellation, Ms. Rothman's salary as a teacher was inadequate for her to make the student loan payments without hardship.  Defendant United Student Aid Funds (USA Funds) proposed to garnish Ms. Rothman's wages, and when Ms. Rothman objected, they offered her a telephone hearing before a Tribunal Administrator.  The Tribunal Administrator ruled in favor of USA Funds, and garnishment began.

Many years later, after Ms. Rothman had paid a total of $29,383.61 towards the $18,634.79 that USA Funds claimed was owing, the garnishment stopped, apparently because it could not legally continue pursuant to the New York State CPLR which prohibits the perpetual garnishment after certain time limits are exceeded.  Rather than follow the proper and legal procedure required by the CPLR of seeking an Order to Show Cause why they should be allowed to continue garnishing notwithstanding the CPLR provision, USA Funds sought, and is seeking, to circumvent this proceeding by "resuing" before another Tribunal Administrator. Tribunal Administrator Loren Gilbert-Smith scheduled Ms. Rothman for a telephone hearing on March 31, 2008.  Ms. Rothman requested a stay of these proceedings for three months to allow time to obtain the order of this Court or a Show Cause Hearing date before this Court to enjoin or stay the Tribunal Hearing.  The Tribunal granted a 30-day adjournment only.

Robert Feldstein and Debra Rothman were married in 1993.  As Ms. Rothman's spouse since 1993, Mr. Feldstein may be liable for Ms. Rothman's debts as community property.  Therefore, Mr. Feldstein believes he is properly a party to these proceedings and seeks to intervene.  Mr. Feldstein is severely and permanently disabled and has had no income since 2001 except Social Security Disability benefits of approximately $700 per month.  Because Ms. Rothman is responsible for almost his complete support, she has incurred extreme hardship providing for the entire household on her income as a teacher.  Although Mr. Feldstein's student loans have been discharged pursuant to his disability, there is a question as to whether Ms. Rothman's student loans should be discharged because her spouse is permanently disabled.

IV.    Remedy
We seek a declaratory judgment that Congress never intended to sanction the use of Administrative Tribunals to usurp the exclusive authority of state courts to decide on their own which judgments are stale and which are non-renewable. We seek a permanent injunction against resolving this issue via Administrative Tribunal and/or an Order vacating the decisions of such tribunal if they have already been rendered and ordering the New York City Payroll Administration and/or USA Funds to return any funds taken after March 31, 2008.

April 2, 2008

Debra Rothman, Plaintiff
(212) 592-4655

Robert Feldstein, Plaintiff
(718) 934-1558 or (212) 592-4650